# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51020

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

RYDER SLADE MENTA,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: September 16, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Javier Gabiola, District Judge.

Judgment of conviction and unified sentence of twenty-four years with a minimum period of confinement of twelve years for aggravated battery with use of a deadly weapon, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Ryder Slade Menta pled guilty to aggravated battery with use of a deadly weapon, Idaho Code §§ 18-907(1)(b); 19-2520. In exchange for his guilty plea, the State agreed not to file a persistent violator enhancement. The district court imposed a unified sentence of twenty-four years with twelve years determinate. Menta filed an Idaho Criminal Rule 35 motion for reconsideration which the district court denied.[1] Menta appeals, contending that his sentence is excessive.

---

[1] Denial of the Idaho Criminal Rule 35 motion is not at issue in this appeal.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Menta's judgment of conviction and sentence are affirmed.